UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**TANISHA S. BUNDY**

    **Plaintiff,**

**V.**                                                                                           **CIVIL ACTION NO.**
                                                                                                 **3:01-CV-01462- VLB**

**NCE FINANCIAL SERVICES**
**INCORPORATED**

    Defendant.                                                              **DECEMBER 2, 2010**

**MEMORANDUM OF LAW IN SUPPORT OF  ATTORNEY FEES**
**AND COSTS**

    The undersigned attorney pursuant to Rule 37(a) (4) of the Fed. R. Civ. P. seeks attorney fees in the sum of $4,560 for 11.4 hours, at $400 per hour, for meeting with client, research of claims, filing complaint, motion for default for failure to appear and plead, return of summons to court, review of court's pretrial order, motion for default judgment, motion and memorandum of law on attorney fees,  and other related legal work associated with the claims. Total claim of $

    Plaintiff commenced this action on September 14, 2010, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and Violation of the Connecticut unfair Trade Practices Act  42a 110 et seq. ("CUTPA").  Plaintiff made persistent settlement initiatives, reflected on the time records submitted with the fee affidavit.

    The FDCPA § 1692k (a)(3), provides that in any successful action, in this case under § 1638a  for a "reasonable attorney's fee as determined by the court".  The court entered an order for Hearing on Damages on March 19, 2002. Plaintiff's

fee award is set forth above.

"Any attorney ... who applies for court-ordered compensation in this Circuit for work done ... must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done." <u>New York Ass'n. for Retarded Children v. Carey</u>, 711 F. 2d 1136, 1148 ( 2d Cir. 1983). "[C]ounsel, of course, is not required to record in great detail how each minute of his time was expended." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 n. 12 (1983). Counsel must "identify the general subject matter of his time expenditures." <u>Id</u> 437 n. 12. Fee applicants must also "produce satisfactory evidence - <u>in addition to the attorney's own affidavits</u> - that the requested rates are in line with those prevailing in the community for similar service by lawyers of reasonably comparable skill, experience, and reputation." <u>Blum v. Stenson</u> 465 U.S. 886, 895-6 n. 11 (1984).

**FDCPA FEE STANDARDS**

A party is "successful" for the purpose of assessing attorney fees under FDCPA if he has obtained successful results, whether by judgment, settlement or acceptance of offer of judgment. See 1692k(a)(3), see also Perez . Perkiss (1990, DC Del) 742 F. Supp 883.

**CUTPA FEE STANDARDS**

Once liability has been established under CUTPA, attorney fees and costs could be awarded in the discretion of the court <u>Freeman v. Alamo Management Co.</u> (1991) 586 A.2d 619.

An award of fees is mandatory in FDCPA cases <u>Tolentino v. Friedman</u>, 46

F/3d 645. 651 (7th Cir.) (George C.Pratt, C.J.) , cert denied, 115 S. Ct. 2613 (1995). Where, as here, an attorney's fee provision is phrased in mandatory terms, "fees may be denied a successful plaintiff only in the most unusual of circumstances". <u>DeJesus v. Banco Popular ed Pueto Rico</u>,918 F.2d 232, 234 (1st Cir. 1990) ( truth in lending).  The reasoning in civil rights cases apples as well to fee applications under the FDCPA <u>Hollis v. Roberts</u>, 984 F. 2d 1159, 1161 (11th Cir. 1993) (hours reasonably expended, times reasonably hourly rate); <u>Graziano v. Harrison</u>, 950 F.2d 107, 113-14 (3d Cir. 1991).  (FDCPA " mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general").  See also, <u>Newman v. Piggie Park Enterprises</u>, 390 U.S. 400, 402 (1968); <u>Henslley v. Eckerhart</u>, 461 U.S. 424, 429 (1993)' <u>City of Riverside v. Rivera</u>, 477 U.S. 561, 580 (1986) (awarding $245,450 fees on a $33,350 recovery, including 143 hours of trial preparation).

In <u>Perez v. Perkiss</u>, 742 F. Supp.883 (D. Del. 1990), an FDCPA case, the court awarded over $10,000 in fees on a $1200 jury verdict, including 11 hours defending the fee petition.

<u>The $400 Hourly Rate is Reasonable</u>

"[T]he actual rate that applicant's counsel can command in the market is itself highly relevant proof of the prevailing community rate". <u>Nat'l Ass'n of Concerned Veterans v. Secretary of Defense</u>, 675 F.2d 1319, 1326 (D.C. Cir. 1982).  This includes fee awards by outer courts. Id. at 1325; <u>Zaldiver v. Los Angeles</u>, 590 F. Supp. 852, 858 (C.D. Cal 1984); <u>Lesser v. I.A. M. Nat'l Pension Fund</u>, 579 F. Supp. 1375, 1377 (C.D. Cal. 1984).

In <u>Turner v. Payco-G.A.C. Inc.</u>, Civil No. N-89-217 (PCD) (D. Conn. Apr. 29, 1992) the Court awarded $13,475 on a damage recovery of $1000 in a Fair Debt Collection Practices Act Case.

**Lodestar Figure**

Counsel's currently prevailing marketplace rates establish the lodestar amount. <u>Missouri v. Jenkins by Agyei</u>, 109 S. Ct. 2463, 2470 (1989); <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1983)' <u>DiFilippo v. Morizio</u>, 759 F.2d 231, 235 (2d Cir. 1985) (rejecting 46 hours on pretrial memo and 42 hours on fee application); <u>Cohen v. West haven Bd. Of Police Com'rs</u>, 638 F.2d 496, 506 (2d Cir. 1980).

There is a strong presumption that the lodestar figure ( reasonable hours times' reasonable rate) represents a reasonable fee. <u>Blanchard v. Bergeron</u>, 103 L.Ed. 2d 67, 76 (1989), quoting <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 656 (1986).

While the Court has discretion to determine the proper fee amount "[T]he Latitude of its discretion is narrowed by a presumption that successful civil rights litigants should recover reasonable attorney's fees unless special circumstances render such an award unjust . . . . Furthermore, where, as here, the party achieves success on the merits, an award of all reasonable hours at a reasonable hourly rate, i.e., the lodestar figure, is presumptively appropriate." <u>DiFilippo</u>, 759 F.2d at 234.

"[A] party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." <u>United States Football League v. National Football League</u>, 887 F.2d 408, 413 (2d Cir. 1989), cert. Denied

493 U.S. 1071 (1990).

(Awarding $5,500,000 in fees on a $3 recovery), cited in Grant v. Martinez, 973 F.2d 96, 101 (2d Cir. 1992). See Laura B. Bartell, Taxation of Costs and Awards of Expenses in Federal Court 101 F.R.D. 553, 560-62 (1984).

Plaintiff submits that fee standards in civil rights cases are applicable here, because an important public policy was vindicated. See Delaware Valley, 478 U.S. at 559-60; Hollis v. Roberts, 984 F. 2d 1159, 1161 (11th Cir. 1983) (FDCPA award of $1,500; fees granted for 24.9 hours at $150/hr., prevailing rate in the community).

Civil suits will deter abusive practices only if it is economically feasible for consumer to bring them.  Unless consumer can recover attorney's fees it may not be possible for them to pursue small claims . . . .  [U]nscrupulous auto dealers have little to fee from such suits if consumers must pay thousands of dollars in attorney fees to protect hundreds.  Congress recognized this problem and specifically provided for the award of attorney fees to successful plaintiffs. Venes v. Professional service Bureau, Inc., 353 N.W. 2d 671 (Minn. App. 1984).

No Adjustment Should Be Made

Plaintiff does not request an upward or downward adjustment.  If a defendant requests such an adjustment, factors identified in Johnson v. Georgia Highway Express, Inc. , 488 F.2d 714, 717-719, may be considered.  Hensley, 461 U.S. at 434 n.9 ("[M]any of those factors usually are subsumed within the initial calculation of hours reasonable expended at a reasonable hourly rate"); U.S. Football League 887 F.2d at 415.

1.  The time and labor required (see affidavit).  Plaintiff submits that the

time expended in the prosecution of this action is modest due to counsel's experience in consumer protection litigation.

2. The novelty and difficulty of the question. This case included novel questions, which were not resolved. Even if the case had been straightforward, the lodestar amount may not be reduced. <u>DiFilippo</u>, 759 F.2d at 235.

3. The skill requisite to perform the legal services properly: plaintiff's counsel knows of very attorneys who purport to be able to litigate plaintiffs' Consumer Credit Protection Act cases.

4. The preclusion of other employment. The time spent on this case was not, and could not be, spent as the same time on other cases.

5. The customary fee is what the plaintiff's counsel requests.

6. Whether the fee is fixed or contingent. In Consumer Credit Protection Act case, the fee is always contingent- not on the amount of damages, but on award by the court or agreement of opponent. In a private attorney general case, Congress encourages counsel to bring suit, recognizing that counsel cannot charge the client an hourly fee, because the fee may be out of proportion to the recovery.

7. Time limitations imposed by the client or circumstances ( none except reasonableness).

8. The amount involved and the results obtained. "[C]ourts generally will not look to the size of the damage award in determining a reasonable attorney's fee in consumer cases." <u>Smith v. Chapman</u>, 436 F. Supp. 58, 66 (W.D. Tex. 1977).

**The results in this case are above the normal statutory damages for the plaintiff. Because the statute itself limits damage, the amount of damages awarded does not justify a reduction in the lodestar amount. Cowan v. Prudential Ins. Co., 935 F.2d 522, 527 (2d Cir. 1991).  Earlier, McCann v. Coughlin, 698 F.2d 112, 129 (2d Cir. 1983), rejected the argument that an award should be reduced based on the amount of damages recovered, anticipating a similar ruling in City of Riverside, Supra, 477 U.S. at 574, 578.  Consumer Credit Protection Act cases generally support his proposition.**

**A monetary recovery is not essential to a fee award. Mills v. Electric Auto-Lite Co., 396 U.S. 375, 392, 395, (1970).  As Justice O'Connor noted " nominal relied does not necessarily a nominal victory make." Frarrar v. Hobby, 113 S. Ct. 566, 578 (1992).   The court bases its assessment of whether a recovery is nominal, not the amount of the recovery, but (1) on the difference between the judgment recovered and the amount sought' (2) the significance of the legal issue, including the extent the plaintiff  succeeds on the theory of liability; and (3) the public purpose served by the victory. Farrar, 113 S. Ct. at 578-79.  Applying those factors to this case, (1) the damages were within the range to be expected in a case of this kind' (2) plaintiff would have succeeded as to liability; (3) the case vindicated important rights and deter these defendant from similarly violating TILA,  CUPTA, repossession and conversion to the benefit of thousands of other consumers.**

       **9.  The experience, reputation and ability of the attorney.  Plaintiff's counsel has a statewide reputation in the consumer protection field.**

10. The undesirability of the case ( see affidavit as to risk of loss and dearth of practitioners in the area).

11. The nature and length of the professional relationship with the client (Representation limited to Consumer Credit Protection claims).

12. Awards in similar cases.  Plaintiff's counsel has received awards near the requested rate in other cases.

**Purpose of the Fee Award:**

Attorneys fees are central to the enforcement of the Consumer Credit Protection Act (of which the TILA is a part) by private attorneys general.  "The value of an attorney's services is not only measured by the amount of the recovery to the plaintiff, but also non-monetary benefit accruing to others, in this case the public at large from this successful vindication of a national policy to protect  consumers from fraud in the used car business". Fleet Inv. Co. v. Rogers, 620 F.2d 792, 794 (10th Cir. 1980) ( Odometer Law).

Such fees are particularly important in consumer cases, under the principles discussed by the Supreme Court in Rivera, supra, a civil rights case. Consumer Credit Protection Act cases also support this proposition. See e.g., Ratner v. Chemical Bank, 54 F.R.D. 412 (S.D.N.Y. 1972) ($20,000 fees, $100 damages).  "[C]ourts generally will not look to the size of the damage award in determining a reasonable attorney's fee in consumer cases." Smith v. Chapman, 436 F. Supp. 58, 66 (W.D. Tex. 1977).

A defendant should not be encouraged to litigate in the expectation that the Court will reduce the plaintiff's fee request, even though the defendant's fees to

its own attorney are not similarly scrutinized and reduced by the Court.  Cf. Eddy v. Colonial Life Ins. Co., 59 F.3d 201, 207-08 (D.C. Cir. 1995) (a fee award deters noncompliance with the law and encourages settlement); Benavides v. Benavides, 11 Conn. App. 150 (1987) (same).

An inadequate award diminishes the inducement created by fee-shifting statutes, and undermines the goal of promoting private representation in TILA and (Odometer Law) actions.  In language, which could appropriately be applied to TILA , CUTPA and repossession actions, the Second Circuit noted:

A plaintiff who is successful in establishing certain practices as violated of his constitutional rights will deter officials from continuing this conduct, and thereby help assure that others are not subjected to similar constitutional deprivations.  This effect of successful § 1983 actions is wholly independent of the relief, which the plaintiff seeks or is ultimately awarded, and therefor it is inappropriate to condition attorneys fee awards on the nature of the relief granted.  McCann v. Coughlin, 698 F. 2d 112, 129 (2d Cir. 1983).

An award should be made at a rate that recognizes the vindication of public policy expressed in the FDCPA.  "The award of attorney's fees, as a practical matter is a critical and integral part of [the creation of a system of private attorneys general]."  James v. Home Constr. Co. , 689 F.2d 1357, 1359 (11th Cir. 1982).

**Other Considerations Support No Adjustment**

If a defendant is willing to take the risk that it will end up with a significant plaintiff's fee application, it cannot be heard to complain when the event comes

to pass. "Thus, petitioners could have avoided liability my making a reasonable settlement offer in a timely manner . . . ' The government cannot litigate tenaciously and then e herd to complain about the time necessarily spent by the plaintiff in response.'" <u>City of Riverside v. Rivera</u>, 477 U.S. at 580 N. 11.

<u>Settlement Efforts</u>

It is unquestionably in the best interest of the Court and the parties to settle rather than litigate. See <u>Janneh v. GAF Corp.</u>, 887 F.2d 432 (2d Cir. 1989). "In a very real sense, all of the parties—and the court as an institution—win when litigation is settled amicably short of trial." <u>Mathewson Corp. v. Allied Maine Ind., Inc.</u> , 827 F.2d 850, 857 (1st Cir. 1987).

The defendant ignored plaintiff's persistent efforts by failing to appear and failing to properly appear. (Please see time record appended to fee affidavit) in a disproportionate effort to avert his exposure to already limited statutory damages. This Court can bolster such settlement efforts for the future by awarding the full amount requested.

<u>Conclusion</u>

Plaintiff submits that the fee application is reasonable to time expended and amount requested. He respectfully submits that it should be awarded as requested.

**THE PLAINTIFF**
**BY**/S/**Bernard T. Kennedy**
**Bernard T. Kennedy, Esquire**
**The Kennedy Law Firm**
**157 Pine Orchard Road**
**Branford, CT 06405**
**Ph   (443) 607-8901**
**Fax (443) 607-8903**
**Fed. Bar # CT00680**
**bernardtkennedy@yahoo.com**


**CERTIFICATION**

**I hereby certify that on 12/2/10 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.**



**BY**/S/**Bernard T. Kennedy**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**TANISHA S. BUNDY**

    Plaintiff,

**V.**                                    **CIVIL ACTION NO.**
                                       **3:10-CV-01462 VLB**

**NCE FINANCIAL SERVICES**
**INCORPORATED**

    Defendants

## AFFIDAVIT

**STATE OF CONNECTICUT**    )
                                 ) ss: Branford
**COUNTY OF NEW HAVEN**    )

    I, Bernard T. Kennedy, being first duly sworn, depose and say:

    1. I am an attorney licensed to practice before the United States District Courts for the District of Connecticut, District of Maryland and all the Connecticut and Maryland courts.

    2. I am the attorney for plaintiff Tanisha S. Bundy in this action and submit this affidavit in support of a request for attorney fees. Blum v. Stenson, 465 U.S. 886 n.5 (1984).

    3.  I was admitted to practice in Connecticut in 1985.  For several years, I was an Assistant State's Attorney for Connecticut.

    4.  I have had extensive experience for 18 years in consumer matters, including litigation, preferably for persons who cannot afford to pay a lawyer. Consumer practitioners from all over the country frequently consult me.

5.  I was appointed as a special master for truth-in-lending, truth in leasing and The Motor Vehicle and Cost Savings Act ( Odometer Law ) matters in this District.

6.  I have successfully settled approximately 1700 cases in the United States District Courts for the District of Connecticut, Northern District of New York. The District of Massachusetts, Eastern Division, admittance was pro hoc vice involving truth in lending, truth in leasing and odometer claims.

7. Additionally, I have settled class actions and multi-plaintiff cases in Connecticut and class actions cases in Maryland including one national class action case whereby the defendant forgave 50 million dollars of debt and correct the trade line on all consumers within the national class.

8.  I presently represent plaintiffs in the United States District Court, District of Connecticut in a class action case involving alleged violations of the FDCPA claims and other individual cases.

9. In the State of Maryland I represent plaintiffs in class actions involving alleged violations of the FDCPA and class actions in other alleged violations involving automobiles.

10. The United States District Court for the District of Maryland has awarded me $400 per hour in similar cases.

8.  My work in connection with this motion is shown on the schedule attached hereto.  I prepared time records contemporaneously with performance of the work.  The time records do not duplicate work performed in any other file; they do not include non-legal tasks such as filing or copying.

9.  Less than a handful of Connecticut attorneys are willing to accept consumer case because of the special expertise required and the risk of nonpayment.

10.  I am requesting attorney's fees at the rate of $400 per hour.  I believe that the award requested is reasonable, and is approximate as rates being charged by similarly experienced private counsel in the federal court.

11. Hourly billing rates of Connecticut private counsel with which I am familiar are, Joanne S. Faulkner at $350.00 and Daniel Blinn at $325.00 per hour.

12.  Jonathan Einhorn was awarded $250.00 per hour in Gyadu v. Giordano, Civil No. 3:94CV1144 (JBA), 3 Conn Oops 410 (D. Conn. March I4, 1997).

13.  Typical market rates are shown by awards in Mrs. B. v. Milford Bd. of Educ.,
Civil No. 3:93CV1723 (DJS) (TPS) (D. Conn. Nov. 4, 1997) ($250/hr consistent with prevailing rate in Connecticut); Calovine v. City of Bridgeport, Civil No. 3:94CV379 (WWE) (D.Conn. Feb.4, 1998). ($250/hr for a "relatively low number of hours billed." 179.7 hours). Evans v. State of Connecticut, 967 F. Supp. 673 ,691 (D. Conn. 1997) ( prevailing 1996 is $200 to $225 award at $200/hr despite some criticism of attorney's performance); Wallace v. Fox, Civil No. 3:96CV772 (D.Conn. May 11, 1998) (awarding blended rate of $345.57 per hour inclusive of a 1.5 multiplier to several counsel and paralegal in shareholder derivative action).

_____

Bernard T. Kennedy, Esq.

Signed under the penalty of perjury, this 2nd day of December 2010.

## TIME RECORDS

| DATE: | TIME | PURPOSE |
|---|---|---|
| 4/9/10 | 1.1 hr. | Initial meeting with client to her claim. |
| 10, | 1.3 | Research plaintiff's claim. |
| 12, | .6 | Letter to NCE and advise it of violations In its letter to plaintiff and settlement demand. |
| 8/12 | .3 | Contact State of CT and find that NCE is Not license to collect debts in CT. |
| 17 | .8 | Letter to NCE in another attempt to settle the matter without court intervention. |
| 20 | 1.3 | Prepare complaint, civil cover sheet, and send to court for filing. |
|  | .3 | Letter to Clerk's office of filing. |
| Oct/5 | .9 | Prepare letter and 5 exhibits to NCE in an attempt to settle the case and advise of additional violations that may be filed by an amended complaint. |
| 21 | .3 | File return of service with the court. |
| Nov 5 | .5 | Prepare and file for M for Entry of Default |
| Dec. 3 | .4 | M. for Default Judgment. |
|  | 1.7 | Mem. Of Law Default Judgment |
|  | .6 | Preparation of time records. |
|  | 1.0 | Closing time; contact Plaintiff and Further dealings with Plaintiff and NCE |

_____
11.4 hours @ $400 per hr. = $4,560.